

STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
PORTLAND
Docket No. CV-17-439

SOLEY WHARF LLC )
)
Plaintiff )
)
v. )
)
)
)
THE SLOANE GROUP LLC and )
VALERIE KYROS )
)
)
Defendants )

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

This matter arises out of a commercial landlord/tenant dispute. Plaintiff seeks to recover unpaid rent and damages sustained when its tenant, the consulting business "The Sloane Group," stopped paying rent and vacated the premises. Defendant Valerie Kyros, principal of The Sloane Group, personally guaranteed her company's obligations under the lease.

Pending before the court is Plaintiff's Motion for Summary Judgment, filed April 5, 2018. The court has reviewed Plaintiff's motion and supporting materials, including its Statement of Material Facts and supporting affidavits and appended exhibits, as well as Defendants' Opposition, Opposing Statement of Material Facts, Statement of Additional Material Facts, and affidavit, filed October 12, 2018.[1]

Rule 56 of the Maine Rules of Civil Procedure provides that "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements [of material fact] required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c); *see, e.g., Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11.

Seeking to generate a genuine issue of material fact in dispute, Defendants contend that "[t]here is an issue of fact concerning whether Soley Wharf, LLC suffered any damages at all." Defendants point to Plaintiff's acquisition of a new commercial tenant

---

[1] Months elapsed between Plaintiff's filing and Defendants' Opposition because this matter was stayed for a period pending Ms. Kyros's divorce. *See* Pre-Trial Order dated May 29, 2018 (rescheduling pretrial conference until after June 11, 2018 hearing in divorce matter and noting that Plaintiff's motion for summary judgment would be addressed after that pretrial conference).

RECEIVED CLERKS OF(
NOV 1 '18 PM2:48

who is paying approximately $1,000 more per year, and argue that "[a]ny improvements provided by Soley Wharf, LLC for its new tenant were not the result of any damage caused by Defendants."

Defendants' asserted defense, however, fails to take into account the plain language of the parties' lease. Paragraph 13 of the lease provides that in the event of the tenant's default "Tenant shall, as of the date of such termination, immediately be liable for and pay to Landlord the entire unpaid rental and all other balances due under this Lease for the remainder of the term. In addition, Tenant agrees to pay to Landlord, as damages for any above described breach, all costs of reletting the Leased Premises including real estate commissions and costs of renovating the Leased Premises to suit any new tenant." Lease at ¶ 13(a)(vi).

Notwithstanding the above-quoted language, by its summary judgment motion, Plaintiff is not seeking "the entire unpaid rental ... for the remainder of the term." Rather, having successfully rented the premises to another tenant as of September 1, 2017, Plaintiff is seeking payment of unpaid rent and late fees which accrued during the period of The Sloane Group's occupancy along with six months unpaid rent from the time The Sloane Group vacated the premises through August 2017, which together amounts to $17,492.42. In addition, pursuant to above-quoted lease provision, Plaintiff is seeking to recover the $18,859.32 it expended in renovating the premises to suit its new tenant. That the renovations were not necessitated on account of any damage caused by The Sloane Group is beside the point. Defendants are obligated, pursuant to the lease terms, to pay such costs.[2]

Accordingly, because there is no genuine dispute as to any of the material facts and because Plaintiff is entitled to judgment as a matter of law, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED. Judgment shall enter in Plaintiff's favor and against Defendants The Sloane Group LLC and Valerie Kyros, jointly and severally, in the amount of $36,351.74, plus pre- and post-judgment interest at the statutory rates, plus costs of $360 and attorney's fees of $1954. *See* Affidavit of Wendy J. Paradis, Esq. in Support of Attorney's Fees and Costs.

---

[2] Because there is no dispute that the costs were incurred in renovating the premises for the new tenant, and because the amount claimed is not unreasonable, Defendants cannot avoid liability for such costs.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 1 Nov 18

_____
Jed J. French
Maine District Court Judge

Entered on the Docket: 11-5-18

3